Callahan v VBR Holdings, LLC (2020 NY Slip Op 01451)





Callahan v VBR Holdings, LLC


2020 NY Slip Op 01451


Decided on March 3, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2020

Acosta, P.J., Friedman, Mazzarelli, Webber, JJ.


11190 650375/19

[*1] Donald M. Callahan, et al., Plaintiffs-Respondents,
v
VBR Holdings, LLC, formerly known as Vanbridge Holdings LLC, Defendant-Appellant.


Carlton Fields, P.A., New York (Michael L. Yaeger of counsel), for appellant.
Beys Liston & Mobargha LLP, New York (Joshua D. Liston of counsel), for respondents.



Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered August 9, 2019, which, to the extent appealed from as limited by the briefs, denied defendant's motion to dismiss the cause of action for breach of contract pursuant to CPLR 3211 and for a declaratory judgment in its favor, unanimously affirmed, with costs.
In light of the ambiguity of the contractual provision at issue — section 7.6 of defendant's Amended and Restated Limited Liability Company Agreement — resolution of which must await discovery (see LDIR, LLC v DB Structured Prods., Inc., 172 AD3d 1, 5-6 [1st Dept 2019]), the motion court correctly found that legal and factual issues exist as to whether defendant effectively exercised its right to purchase plaintiffs' ownership interests in the company, given that the purchase was never consummated. These issues include the effect of the omission from the purchase notice of a time for the closing of the repurchase transaction and the effect of defendant's failure to pursue the selection of an investment firm to value the purchase price.
The court declined to consider, before the effectiveness of the purchase notice was determined, whether defendant's right to purchase was terminated by the company's change of control. Under the circumstances of this case, we will allow Supreme Court to consider the issue first.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 3, 2020
CLERK